# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SABRINA ZERVOS,

    Plaintiff,                                        CASE #

v.

CLERK OF CIRCUIT COURT
OSCEOLA COUNTY,

    Defendant.

_____/

## COMPLAINT FOR VIOLATION OF PROVISIONS OF THE FLSA

Plaintiff, SABRINA ZERVOS, by and through the undersigned counsel, herein sues the Defendant, CLERK OF CIRCUIT COURT OSCEOLA COUNTY pursuant to 29 U.S.C. Section 201 *et seq.* of the Fair Labor Standards Act and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, SABRINA ZERVOS, brings this action for violation of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq.,* (the "FLSA"). Plaintiff alleges that she is entitled to unpaid overtime wages, as required by 29 U.S.C. Section 207.

2. The FLSA is our nation's foremost wage law. The overtime requirements of the FLSA were meant to apply financial pressure to spread employment to avoid the extra wage and to assure workers additional pay to compensate them for the burden of a work week beyond the hours fixed in the act. *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

3. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## **PARTIES, JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. Section 1331, because this action involves a Federal Statute, 29 U.S.C. Section 201, *et seq.*

5. This Court has personal jurisdiction over this action because the Defendant operates substantial business in Osceola County, Florida and the damages at issue occurred in Osceola County, Florida.

6. Venue is proper to this Court pursuant to 29 U.S.C. Section 216(b).

7. At all times relevant to this action, Plaintiff was an employee of

Defendant within the meaning of 29 U.S.C. Section 203(e)(1).

8. Defendant, CLERK OF CIRCUIT COURT OSCEOLA COUNTY (Defendant), is a governmental agency that employs more than 50 employees and was duly created and exists pursuant to the laws of the State of Florida with its primary business office located at 2 Courthouse Sq, Kissimmee, FL 34741.

9. All conditions precedent to the filing of this action have been performed.

## FLSA FACTUAL BACKGROUND

10. The overtime wage provisions set forth in 29 U.S.C. Section 207 applies to the Defendant, as it engages in interstate commerce under the definition of the FLSA and has annual gross revenues of more than $500,000.00 over the past 3 years.

11. During her work for Defendant, Plaintiff was regularly involved in commerce between states.

12. Plaintiff was employed by the Defendant as an Administrative Aide from January 2020 until March 2021.

13. From the period of January 2020 until approximately the end of January 2021, Defendant classified Plaintiff as FLSA Exempt.

14. During this period, Defendant paid Plaintiff on a salary basis of

$608.00 per week.

15. Around the end of January 2021, Defendant reclassified Plaintiff as FLSA non-exempt and changed her to an hourly employee.

16. Effective January 1, 2020, the salary basis was increased to $684 per week. *See* 29 C.F.R. § 541.200.

17. Thus, from the period of January 2020 until approximately the end of January 2021, Defendant misclassified Plaintiff as FLSA exempt as Defendant paid Plaintiff less than the required salary that would meet the salary basis test of any FLSA exemption.

18. Furthermore, all of Plaintiff's job duties were routine and standardized, and according to set procedures as created by Defendant.

19. Plaintiff did not conduct the job interviews of prospective candidates for hiring and was not involved in the hiring process.

20. Plaintiff did not fire employees or hire employees.

21. Plaintiff did not supervise 2 or more full time employees as contemplated by the FLSA and executive exemption.

22. Plaintiff routinely worked hours in excess of 40 per week throughout her employment as an Administrative Aide from January 2020 to January 2021.

23. Defendant did not track or record the work hours of Plaintiff.

24. Despite regularly working in excess of 40 hours per week during her employment with Defendant, Plaintiff was never paid an overtime premium of any amount, either half time or a one and one-half her regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

25. Defendant did not have reasonable grounds or a good faith basis under the FLSA to classify Plaintiff as exempt from overtime pay or to claim that Plaintiff's position fell within any of the exemptions to the overtime provisions of the FLSA.

26. Plaintiff's job position was subject to the FLSA wage provisions.

## **COUNT I**
## **Failure to Pay Overtime Compensation in Violation of the FLSA**
## **29 U.S.C. § 201, *et seq.***

27. Plaintiff adopts and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

28. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. Section 203(e)(1).

29. The Defendant is Plaintiff's "employer" within the meaning of 29 U.S.C. Section 203(d).

30. The overtime wage provision set forth in FLSA Section 207 applies to

Defendant as it has engaged in commerce under the definition of the FLSA and has revenues of greater than $500,000 annually.

31. Throughout Plaintiff's employment with Defendant from January 2020 to January 2021 as an Administrative Aide, Plaintiff regularly worked more than forty (40) hours per week but she was not paid overtime compensation for all hours worked in excess of forty (40) per week.

32. From January 2020 to January 2021, Defendant paid Plaintiff on a salary basis of $608.00 per week and classified her as FLSA exempt.

33. Effective January 1, 2020, the salary basis was increased to $684 per week. See 29 C.F.R. § 541.200.

34. Thus, from the period of January 2020 until approximately the end of January 2021, Defendant misclassified Plaintiff as FLSA exempt as Defendant paid Plaintiff less than the required salary that would meet the salary basis test of any FLSA exemption.

35. Throughout Plaintiff's employment with Defendant from January 2020 to January 2021 as an Administrative Aide, Plaintiff's salary fell below that as required to qualify her as FLSA exempt.

36. Furthermore, Plaintiff did not exercise the requisite discretion, management, and independent judgment with respect to matters of significance to

be classified as exempt under the FLSA.

37. Plaintiff did not have disciplinary authority or discretion, and was not involved in hiring and firing of employees.

38. Plaintiff's primary job duty did not require the exercise of independent discretion and judgment in matters of significance.

39. Plaintiff did not make decisions as an exempt administrator would, nor did she create policy.

40. Plaintiff did not "manage" a department or manage other employees.

41. Defendant is aware, or should have been aware of the FLSA overtime rate calculations, its provisions and exemptions, and knows, or should have known, that withholding overtime wages from Plaintiff constituted a willful violation of the FLSA.

42. Defendant knew that since Plaintiff failed the salary basis test, did not have decision making authority and discretion, and did not interview, hire, fire or have discretion to discipline employees that she was a non-exempt employee and should have been paid overtime wages.

43. Defendant has thus willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime wages to Plaintiff for all hours worked in excess of forty (40) per week.

44. During the relevant time period, Defendant required Plaintiff, an employee under the FLSA, to regularly work in excess of forty (40) hours in a work week without payment of overtime. Defendant was aware Plaintiff was working over 40 hours routinely to perform her job duties.

45. Defendant knowingly and willingly failed to pay Plaintiff proper overtime wages at a rate of time and one half her regular rate of pay, or alternatively a half time premium of her regular rate of pay premium for all such hours, for the purposes of decreasing labor costs and maximizing profitability.

46. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendant in some manner or form. If these records are unavailable, Plaintiff may establish the hours she worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

47. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Sections 207 and 216(b) of the FLSA.

48. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

**WHEREFORE**, Plaintiff, SABRINA ZERVOS, demands judgment against

Defendants for overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, and reasonable attorneys' fees and costs (pursuant to section 216 of the FLSA), and such other and further relief that the Court deems just and proper.

Dated March 22, 2022.

                                  Respectfully submitted by,

                                  */s/Mitchell Feldman*.
                                  Mitchell Feldman, Esq.
                                  **Feldman Legal Group**
                                  6916 W. Linebaugh Ave #101
                                  Tampa, FL 33625
                                  mfeldman@flandgatrialattorneys.com
                                  tel 813 639-9366, fax: 813 639-9376
                                  *Attorney for Plaintiff*